## No. 226

### BUCHANAN v. TWINEM, et

No. 19587. Supreme Court

On motion to certify. Dock. Jan. 21, 1926; 4 Abs. 72.

889. PARTITION—Are oil royalties apartable in a partition suit brought by one of the tenants in common of land from which the oil is taken?

Charles S. Buchanan Jr. brought this action originally in the Monroe Common Pleas against Charles A. Twinem, et al, all of whom are tenants in common of certain property upon which oil rights have been leased. Charles S. Buchanan seeks a partition of royalties derived from oil taken from said property.

It seems that the plaintiff and defendants are tenants in common of property which passed under the will of C. S. Buchanan Sr., deceased. Oil rights had been leased in consideration of a ⅛ royalty to be paid to the owner of the property for all oil taken from said property. The Common Pleas refused partition and this judgment was affirmed by the Court of Appeals.

Charles S. Buchanan, in the Supreme Court contends that he and the defendants own the royalty in common, in fee simple; that oil is part of the real estate, that it descends to the heirs as real estate and is therefore apartable.

It is further contended that the oil and gas in question is in place and undeveloped and is capable of separate ownership and subject to partition.

Attorneys—Matz & Matz, for Buchanan; W. H. Cook, and Moore, DeVaul & Moore, for Twinem et; all of Woodsfield.

## No. 227

### EDMONDS, et v. MURPHY, Extrx et

No. 19582. Supreme Court

On motion to certify. Dock. Jan. 18, 1926; 4 Abs. 72.

1271. WILLS—In an action to contest the validity of a will, which by its terms makes the executrix sole devisee and legatee, are the court costs chargeable to the estate, in the event the will is set aside as invalid?

In a will executed by one John J. Murphy, deceased, Mabel Dunn was named sole legatee and devisee and executrix and immediately after the execution of the will the testator and Mabel Dunn were married. By the will, the children of Murphy by a former marriage, his sole heirs at law, were disinherited. The will was probated and Mabel Dunn Murphy was appointed executrix. The children of the testator, Mary Murphy Edmonds and Julia R. Baughman commenced an action in the Allen Common Pleas against Mabel Dunn Murphy as an individual and as executrix to set aside the will. The jury in the first trial disagreed and the jury in the second trial rendered a verdict setting aside the will. The Appeals Court set aside the verdict and on the next trial the will was again set aside and this time the appeals affirmed the verdict but modified the judgment of the Common Pleas by taxing the costs against Mabel Dunn Murphy as executrix instead of individually.

The heirs in the Supreme Court contend that the costs should be taxed against Murphy as an individual and not as executrix on the theory that she, as executrix, was not interested in the outcome of the contest and had no right to conduct an active defense of the will, but as an individual she was vitally interested in the outcome of the action, since she was sole devisee and legatee.

Attorneys—Klinger & Klinger for Edmonds et; MacKenzie, Weadock, Mackenzie & Landis for Murphy et; all of Lima.